[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed October 1, 1996
On May 20, 1996, the plaintiffs, Robert Marcus and James Marcus, filed a two count amended complaint against the defendant, In-Store Opportunities, Inc., alleging the following facts.
Prior to March 26, 1996, the plaintiffs were employees of the defendant corporation. The plaintiffs allege that on March 26, the defendant terminated their employment and, on that date, the defendant owed the plaintiffs amounts for accrued unpaid wages and accumulated vacation time, which the defendant has failed to pay. In counts one and two of the amended complaint, Robert CT Page 6332 Marcus and James Marcus allege causes of action under General Statutes § 31-72.[1]
On June 13, 1996, the plaintiffs filed a motion for summary judgment contending that judgment should be entered as a matter of law as to the defendant's liability for the sums owed to the plaintiffs. The plaintiffs also filed a memorandum of law, and Robert Marcus's and James Marcus's affidavits in support of their motion for summary judgment.
The defendant filed a memorandum of law in opposition, with the affidavits of its controller, Lisa Shattuck, its attorney Duane Berlin, and its employee, Marc Murray.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Barrettv. Danbury Hospital, 232 Conn. 242, 250 (1995). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Internal quotation marks omitted.)Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105 (1994).
I. Accrued Wages
The plaintiffs' affidavits aver that they were employed by the defendant, that they accrued amounts for unpaid wages, and that the defendants have not compensated them. They argue that judgment should enter as a matter of law since the defendants have failed to pay these sums pursuant to § 31-71c.[2]
The defendant contends that it is not liable because it paid plaintiffs their monthly installments for the unpaid wages in accordance with a loan agreement entered into between the defendant and the Connecticut Development Authority[3] (CDA) on July 7, 1995. The defendant indicates that the plaintiffs, acting as the defendant's officers, procured this loan for the defendant, and that the plaintiffs entered into subordination agreements with the CDA in connection with the CDA loan. Both agreements state, "[u]ntil all indebtedness of the Borrower to the Authority . . . has been paid with interest, the undersigned shall not demand or receive from the Borrower, any part of the CT Page 6333 monies now or hereafter owing by the Borrower to the undersigned (other than as reasonable salary) or any security therefor; and Borrower shall not make payment or give security to the undersigned, except with the prior written consent of the Authority . . ." (Defendant's Exhibit B, James Marcus's and Robert Marcus's Subordination Agreements, July 19, 1995.) These agreements further state, "[n]otwithstanding the foregoing, such indebtedness shall not include the claims presently due for salaries and wages for the undersigned officer . . . provided, however, that payments for salaries and wages by Borrower to such officers shall not exceed five percent (5%) of the aggregate for such salaries and wages . . . and provided, further, that in the event Borrower pays less than five (5%) percent of said salaries and wages to such officers in any month, the unpaid amount of such salaries and wages shall be carried forward and Borrower shall have the right to pay such accumulated salaries and wages in another month." The defendant's affidavits indicate that the defendant paid the plaintiffs five percent of the aggregate of the salaries each month in accordance with the CDA loan agreements.
The CDA made the loan to the defendant out of the Connecticut Growth Fund pursuant to General Statutes § 32-23v. General Statutes § 32-23v(e) states that "[t]he [CDA] shall . . . have the power to take all reasonable steps and exercise all available remedies necessary . . . to protect the obligations or interest of the [CDA]. . ." The legislature has also indicated that "[p]ayments of principal and interest or other payments on such loans . . . shall be deposited into [the Connecticut Growth Fund] and shall be used to make additional loans. . ." General Statutes § 32-23v(b). Although there is a strong public policy against employers withholding wages from their employees, a strong public policy exists in ensuring that a borrower possesses sufficient funds to repay a loan made from the Connecticut Growth Fund so that the CDA can make more loans to "stimulate and encourage growth and development of the state economy. . ." General Statutes § 32-23v(b). The subordination agreements entered into by the plaintiffs and the CDA are measures to ensure that the defendant possesses such funds to repay the CDA loan, and, accordingly, the court must uphold these agreements to further the public policy set forth in §32-23v(b).[4] Since the defendant indicates that it paid the plaintiffs in accordance with these agreements by making the required monthly payments, a genuine issue of material fact exists as to whether the defendant, at this time, is liable to CT Page 6334 the plaintiffs for unpaid wages.
II. Accumulated Vacation Time
The plaintiffs also aver in their affidavits that the defendant owes them for accumulated vacation time. Lisa Shattuck, the defendant's controller, explains that it is her responsibility to compensate the defendant's employees and that she fully paid the plaintiffs for all accumulated vacation time. Accordingly a genuine issue of material fact exists as to whether the defendant is liable to the plaintiffs for accumulated vacation time.
For the foregoing reasons, the court denies the plaintiffs' motion for summary judgment as to the defendant's liability to the plaintiffs for unpaid wages and accumulated vacation time.
FREEDMAN, J.